| | | |
|---|---|---|
| 1 | BINGHAM MCCUTCHEN LLP<br>Geoffrey M. Howard (SBN 157468) | GCA LAW PARTNERS LLP<br>Valerie M. Wagner (SBN 173146) |
| 2 | geoff.howard@bingham.com<br>Thomas S. Hixson (SBN 193033) | vwagner@gcalaw.com<br>Jill F. Kopeikin (SBN 160792) |
| 3 | thomas.hixson@bingham.com<br>Kyle Zipes (SBN 251814) | jkopeikin@gcalaw.com<br>1891 Landings Drive |
| 4 | kyle.zipes@bingham.com<br>Three Embarcadero Center | Mountain View, CA 94043-0848<br>Telephone:  650.428.3900 |
| 5 | San Francisco, CA  94111-4067<br>Telephone:  415.393.2000 | Facsimile:   650.428.3901 |
| 6 | Facsimile:  415.393.2286 | Attorneys for Defendants<br>Service Key, LLC and Angela Vines |
| 7 | ORACLE CORPORATION<br>Dorian Daley (SBN 129049) | DUNLAP, GRUBB & WEAVER, PLLC |
| 8 | dorian.daley@oracle.com<br>Deborah K. Miller (SBN 95527) | David Ludwig (*pro hac vice*)<br>dludwig@dglegal.com |
| 9 | deborah.miller@oracle.com<br>500 Oracle Parkway | W. Clifton Holmes (*pro hac vice*)<br>cholmes@dglegal.com |
| 10 | M/S 5op7<br>Redwood City, CA 94065 | 199 Liberty Street, SW<br>Leesburg, VA 20175 |
| 11 | Telephone: 650.506.4846<br>Facsimile: 650.506.7114 | Telephone:  703.777.7319<br>Facsimile:  703.777.3656 |
| 12 | | |
| 13 | ORACLE CORPORATION<br>Jeffrey S. Ross (SBN 138172) | Attorneys for Defendant<br>DLT Federal Business System Corporation |
| 14 | jeff.ross@oracle.com<br>10 Van de Graaff Drive | |
| 15 | Burlington, MA 01803<br>Telephone: 781.744.0449 | |
| 16 | Facsimile: 781.238.6273 | |
| 17 | Attorneys for Plaintiff<br>Oracle America, Inc. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA ~~OAKLAND~~ DIVISION

| | | |
|---|---|---|
| 20 | ORACLE AMERICA, INC., a Delaware corporation; | No. 4:12-cv-00790-SBA |
| 21 | | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 22 | Plaintiff,<br>v. | |
| 23 | SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1–50, | |
| 24 | | |
| 25 | Defendants. | |
| 26 | | |

**WHEREAS** during the course of this action, the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary.

**WHEREAS** the parties wish to preserve the confidentiality of such information through the use of a Protective Order.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED**, by and between Service Key, LLC ("Service Key"); Angela Vines ("Vines"); DLT Federal Business Systems Corporation, also known as FBSCGov ("DLT"); and Oracle America, Inc. ("Oracle"), subject to the approval of the Court, that the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to this litigation (including, without limitation, any non-party that seeks to intervene or to object to any of the proceedings in the litigation) in connection with discovery in this litigation.

This Protective Order is not a waiver or relinquishment of a party's confidentiality claim to any designated materials. This Protective Order also shall not abrogate or diminish any privilege.

The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this action or until the Court orders otherwise.

**A.    Designated Material**

1. The parties may designate documents produced, testimony given, or any other materials exchanged in connection with this action as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order and Fed. R. Civ. P. 26(c). Collectively, "Confidential" and "Attorneys' Eyes Only" materials may be described herein as "Designated Materials.".

2. Any non-party to this action may designate any documents produced by it, whether pursuant to subpoena or by agreement, as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order and Fed. R. Civ. P. 26(c).

3. Subject to the Federal Rules of Evidence, Designated Materials may be

1  offered as evidence at trial, subject to any restrictions the Court may order or apply to protect the
2  Designated Materials from unauthorized disclosure.  A Party may move the Court for an order
3  that any evidence designated as Designated Materials shall be received at trial in camera or under
4  other conditions necessary to prevent disclosure to third parties.  Members of the jury are not
5  such "third parties" and are authorized recipients of Designated Materials, although either party
6  may seek an instruction from the Court that members of the jury should not disclose any
7  Designated Materials outside of Court.  Nothing in this Protective Order shall be deemed to
8  waive the right of any party to object to the admission into evidence of any information covered
9  by this Protective Order.
10           In the event that a party inadvertently fails to designate materials or information
11 as Confidential under this Protective Order, the Designating Party may designate materials or
12 information as Confidential or Attorneys' Eyes Only by delivering written notice to the other
13 party and by producing a copy of the material or document with the confidential designation
14 required by this Protective Order.  The other parties shall destroy all prior copies of the material
15 or document, and thereafter shall treat the document or material as Designated Materials under
16 this Protective Order.  If the receiving party disclosed the material or document before being
17 notified, it must take reasonable steps to retrieve it, but the receiving party shall not be deemed to
18 have breached this Protective Order for disclosure(s) of the material or document prior to
19 receiving the notice designating it as Designated Materials. Counsel for the parties are
20 responsible for employing reasonable measures, consistent with this Order, to control
21 duplication, distribution of and access to Designated Materials.
22           3.      "**Confidential**" shall mean all documents and testimony, and all
23 information contained therein, and other information designated as confidential, if such
24 documents or testimony contain information subject to any state or federal right of privacy, trade
25 secrets, proprietary business information, competitively sensitive information, information
26 required be kept confidential pursuant to 48 CFR 352.239-72(b), or any other non-public
27 business information, the disclosure of which would, in the good faith judgment of the party
28 designating the material as confidential, be detrimental to the conduct of that party's business or

the business of any of that party's customers or clients if the material becomes public.

5. **"Attorneys' Eyes Only"** shall mean all documents and testimony, and all information contained therein, and other information designated as "Attorneys' Eyes Only," if such documents or testimony contain highly sensitive private information, non-public business or financial information, or software code, the disclosure of which would, in the good faith judgment of the party designating the material as "Attorneys' Eyes Only," cause serious and irreparable harm to that party's business or the business of any of that party's customers or clients if the material is disclosed to persons allowed to see Confidential material beyond the persons specified in Section B.2 below.  The parties anticipate that this designation will be used very sparingly.  Information that is already publicly available may not be designated as "Confidential" or "Attorneys' Eyes Only."

6. **"Producing Party"** shall mean the parties to this action and any non-parties producing "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

7. **"Receiving Party"** shall mean the parties to this action and any non-parties receiving "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production, or otherwise.

8. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential" or "Attorneys' Eyes Only."  If the Receiving Party contends that any document or other material designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to confidential treatment, the Receiving Party shall give written notice to the party who designated the material, specifically identifying the challenged material.  The designating party, by its counsel, shall respond in writing within 10 days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties.  If the designating party refuses to remove the "Confidential" or "Attorneys' Eyes Only" designation, its written response shall state the reasons for this refusal.  If the challenge to the

confidential designation is not resolved after a good faith meet and confer, the party challenging the designation may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as designated by the Producing Party. If such a motion is filed, the documents or other materials shall be deemed as designated by the Producing Party unless and until the Court rules otherwise.

B. **Access to Designated Materials**

1. Except with the prior written consent of the Producing Party or by Order of the Court, "**Confidential**" information shall not be furnished, shown or disclosed to any person or entity except to:

   a. Vines, or personnel of Service Key, DLT, or Oracle involved in the litigation of this matter and who have been advised of their obligations hereunder;

   b. Outside Counsel of record for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder.

   c. Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential information is furnished, shown or disclosed in accordance with Paragraph (B)(4) below;

   d. The Court and court personnel;

   e. An officer before whom a deposition is taken, including stenographic and video reporters and any necessary secretarial, clerical or other personnel of such officer;

1          f.       Trial and deposition witnesses;

2          g.       Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

4          h.       Vendors with whom counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents;

7          i.        Mock jurors and jury consultants who have been engaged by any party and/or a party's consultant in preparation for trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and

16          j.        Any other person agreed to by the parties.

17       2.      Except with the prior written consent of the Producing Party or by Order of the Court, "**Attorneys' Eyes Only**" information shall not be furnished, shown or disclosed to any person or entity except to Jeff Ross, Oracle's Managing Counsel, and Debbie Miller, Oracle's Director of Litigation, and those persons listed above in Paragraph (B)(1) under item (b), item (c) (subject to Paragraph (B)(4) below), item (d), item (e), item (g), item (h), and item (j).  Attorneys' Eyes Only information may be furnished, shown or disclosed to any person or entity listed above under Paragraph (B)(1)(f) if that person or entity is (i) an author, addressee, or a copy recipient of the document, or (ii) an employee, officer, or director of the Producing Party.  For any person or entity under Paragraph (B)(1)(f) that is not within the scope of the preceding sentence, Attorneys' Eyes Only information may be furnished, shown or disclosed to such person or entity only (i) with the prior written consent of the Producing Party or by Court Order, and (ii) after the person or entity has signed Exhibit A attached hereto and agreed to comply with

and be bound by its terms.

3. Confidential and Attorneys' Eyes Only information shall be utilized by the Receiving Party and/or its counsel, as applicable, only for purposes of this litigation and for no other purposes.

4. Before any disclosure of Confidential or Attorneys' Eyes Only information is made to an expert witness or consultant pursuant to Paragraph (B)(1)(c) above:

(a) The Receiving Party must first identify that individual to Outside Counsel for the Designating Party, who shall have seven (7) business days from receipt of such notice to object in writing to such disclosure to any individual so identified. Failure to object within seven (7) business days to a person proposed shall be deemed approval. Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, a statement that said expert is neither an employee of a party nor anticipated to become an employee in the near future, consultancies or testimony for the previous five years, and all of the person's other present employment or consultancies in the field. The disclosure as to said consultancies shall identify, if applicable, the attorney, law firm and client involved. The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party must to preserve its objections move, within seven (7) business days following its objection, for a protective order preventing disclosure of Designated Materials to the individual. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated. Without modifying any obligations under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this Protective Order to identify which materials are provided to Outside Consultants. Neither party seeking to have a consultant shall disclose any information Designated Materials to the proposed consultant until: (1) After any and all objections to the proposed disclosure have been resolved by the parties in writing or by court order; or (2) If no objections have been made during the seven (7) business day period to object.

1  (b) Counsel for the Receiving Party must obtain from the expert, the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Confidential or Attorneys' Eyes Only information may be provided to an expert witness or consultant to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any party to or any competitor of any party to this litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Attorneys' Eyes Only information solely in connection with this litigation. Where an expert witness or consultant has employees at the same firm or company working at the direction of the expert witness or consultant, only the expert witness or consultant (and not the other employees) need sign Exhibit A. However, the employees shall also be bound by the confidentiality obligations in this Order to the same extent the expert witness or consultant is.

**C.  Designation Of Materials**

The designation of materials as "Confidential" or "Attorneys' Eyes Only" for purposes of this Order shall be made in the following manner by any Producing Party:

1.  In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only information, except that in the case of multi-page documents bound together by a staple or other permanent binding, the word(s) "Confidential" or "Attorneys' Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential or Attorneys' Eyes Only; provided that the failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order.

2.  In the case of depositions or other pretrial testimony, (a) by a statement on the record, by counsel, at the time of such disclosure; or (b) by written notice, sent to all parties

within 10 days after receiving a copy of the transcript thereof (not to include "rough" transcripts), and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Attorneys' Eyes Only material.  Unless otherwise stated on the record, all depositions and other pretrial testimony shall be deemed to be "Confidential" until the expiration of the tenth day after counsel receives a copy of the transcript thereof, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

### D. Inadvertent Production Of Privileged Materials

1. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

2. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this paragraph.

### E. Other Items

1. If any party intends to file with the Court materials that have been designated as Confidential or Attorneys' Eyes Only, the filing party must comply with Civil Local Rule 79-5.  Prior to any dispositive motion hearings and/or trial in this matter, counsel for the parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential or Attorneys' Eyes Only information proposed to be used at such hearing or trial.  Ultimately, the determination of treatment of Confidential or Attorneys' Eyes Only information at such hearing or trial will be determined by the Court.

2. The parties to this action agree that the production of any discovery material by any non-party shall be subject to and governed by the terms of this Order.

1          3.       The parties and any other persons subject to the terms of this Order agree
2    that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.
3          4.       Upon termination of this litigation, any appeal or the expiration of the
4    right to appeal, all originals and copies of any Confidential or Attorneys' Eyes Only information
5    shall either be destroyed or returned to the Producing Party.
6          5.       Nothing in this Order shall prevent any party or other person from seeking
7    modification of this Order or from objecting to discovery that it believes to be otherwise
8    improper.
9
10   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:
11   Dated:  November 27, 2012
12
13                                           Bingham McCutchen LLP
14
15                                           By:/s/ Geoffrey M. Howard
                                                    Geoffrey M. Howard
16                                                  Attorneys for Plaintiff
                                                    Oracle America, Inc.
17
18
19   Dated:  November 27, 2012               GCA Law Partners LLP
20
21                                           By:/s/ Valerie M. Wagner
                                                    Valerie M. Wagner
22                                                  Attorneys for Defendants
                                                    Service Key LLC and Angela Vines
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: November 27, 2012 | Dunlap, Grubb & Weaver, PLLC |
| 2 | | |
| 3 | | By: /s/ W. Clifton Holmes |
| 4 | | W. Clifton Holmes<br>Attorneys for Defendant |
| 5 | | DLT Federal Business Systems<br>Corporation |

IT IS SO ORDERED:

DATED: November 28, 2012      By: _____
                                United States Magistrate Judge

**ATTESTATION**

I, Geoffrey M. Howard, am counsel for Oracle America, Inc. I am the registered ECF user whose username and password are being used to file this STIPULATED PROTECTIVE ORDER. In compliance with General Order 45, Section X(B), I hereby attest that the above-identified counsel concurred in this filing.

Dated: November 27, 2012         Bingham McCutchen LLP

                                 By:  /s/ Geoffrey M. Howard
                                      Geoffrey M. Howard
                                      Attorneys for Plaintiff Oracle America, Inc.

# EXHIBIT A

I have been given a copy of the Stipulated Protective Order entered in the actions titled *Oracle America, Inc. v. Service Key, LLC et al.*, Civil Action No. 4:12-cv-00790-SBA, pending in the United States District Court for the Northern District of California.  I have read and understand the terms of the Order.  I understand that unauthorized disclosure of "Confidential" or "Attorneys' Eyes Only" information will constitute a violation of the Order and that the parties reserve the right to seek appropriate redress, including sanctions, from the Court for willful violations thereof.  With full knowledge of the terms and requirements of the Order, I agree to be bound by its terms.  I agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of this Order.

Dated: _____        By: _____