1   BINGHAM MCCUTCHEN LLP
    Geoffrey M. Howard (SBN 157468)
2   geoff.howard@bingham.com
    Thomas S. Hixson (SBN 193033)
3   thomas.hixson@bingham.com
    Kyle Zipes (SBN 251814)
4   kyle.zipes@bingham.com
    Three Embarcadero Center
5   San Francisco, CA  94111-4067
    Telephone:  415.393.2000
6   Facsimile: 415.393.2286

7   ORACLE CORPORATION
    Dorian Daley (SBN 129049)
8   dorian.daley@oracle.com
    Deborah K. Miller (SBN 95527)
9   deborah.miller@oracle.com
    500 Oracle Parkway
10  M/S 5op7
    Redwood City, CA  94065
11  Telephone:  650.506.4846
    Facsimile:  650.506.7114

12  ORACLE CORPORATION
13  Jeffrey S. Ross (SBN 138172)
    jeff.ross@oracle.com
14  10 Van de Graaff Drive
    Burlington, MA  01803
15  Telephone:  781.744.0449
    Facsimile:  781.238.6273

16

    Attorneys for Plaintiff
17  Oracle America, Inc.

    GCA LAW PARTNERS LLP
    Valerie M. Wagner (SBN 173146)
    vwagner@gcalaw.com
    Jill F. Kopeikin (SBN 160792)
    jkopeikin@gcalaw.com
    1891 Landings Drive
    Mountain View, CA 94043-0848
    Telephone:  650.428.3900
    Facsimile:  650.428.3901

    Attorneys for Defendants
    Service Key, LLC and Angela Vines

    DUNLAP, GRUBB & WEAVER,
    PLLC
    David Ludwig (*pro hac vice*)
    dludwig@dglegal.com
    199 Liberty Street, SW
    Leesburg, VA 20175
    Telephone:  703.777.7319
    Facsimile:  703.777.3656

    Attorneys for Defendant
    DLT Federal Business System
    Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation,<br><br>                        Plaintiff,<br><br>                v.<br><br>SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1–50,<br><br>                        Defendant. | No. 4:12-cv-00790-SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    Jan. 17, 2013<br>Time:   3:00 p.m.<br>Place:   Courtroom 1, 4th floor (CMC is telephonic)<br>Judge:   Hon. Saundra B. Armstrong |

20
21
22
23
24
25
26
27
28

1

2    Plaintiff Oracle America, Inc. ("Oracle" or "Plaintiff"); and Defendants Service

3 Key, LLC ("Service Key"), Angela Vines ("Vines"), and DLT Federal Business Systems

4 Corporation (now known as FBSCGov) ("FBSCGov" or "DLT-FBS"), (collectively,

5 "Defendants") jointly submit this Joint Case Management Conference Statement, pursuant to

6 Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of

7 California dated July 1, 2011.

8    The parties previously filed a Joint Case Management Statement on September 6,

9 2012 (D.I. 55) that addressed many of the topics required by the Standing Order for All Judges

10 of the Northern District of California.  Rather than repeat that discussion here, below the parties

11 refer the Court to their prior Joint Case Management Statement where applicable.

12    **1.      Jurisdiction & Service**

13    The parties refer the Court to the prior Joint Case Management Statement, filed on

14 September 6, 2012 (D.I. 55).

15    **2.      Facts and Substance of the Action**

16        **a.      Plaintiff Oracle's Statement**

17    Oracle refers the Court to the prior Joint Case Management Statement, filed on

18 September 6, 2012 (D.I. 55) for a description of Oracle's factual allegations.

19    Oracle filed its original Complaint on February 17, 2012, and filed its First Amended

20 Complaint on April 19, 2012.  Oracle filed its Second Amended Complaint on December 17,

21 2012, which alleges ten claims against the Defendants:

22    (1) Copyright Infringement (against all Defendants);

23    (2) Violations of the Federal Computer Fraud and Abuse Act (against Service Key and

24    DLT-FBS);

25    (3) False Advertising Under the Lanham Act Section 43(a) (against all Defendants);

26    (4) Breach of Contract (against all Defendants);

27    (5) Inducing Breach of Contract (against all Defendants);

28    (6) Fraudulent Inducement (against Service Key);

1

(7) Fraudulent Inducement (against DLT-FBS);

2

(8) Unfair Competition (against all Defendants);

3

(9) Intentional Interference with Prospective Economic Relations (against all

4

Defendants); and

5

(10) An Accounting (against all Defendants).

6

### b. Defendants Service Key and Vines' Statement

7

The Service Key Defendants refer the Court to the September 6, 2012 Joint Case

8

Management Statement (D.I. 55) for their factual statement and defenses.

9

### c. Defendant FBSCGov's Statement

10

FBSCGov refers the Court to the prior Joint Case Management Statement, filed on

11

September 6, 2012 (D.I. 55) for a description of FBSCGov's factual allegations and defenses.

12

Given that Oracle's Second Amended Complaint has re-asserted three causes of action that have

13

already been dismissed by this Court, FBSCGov adds an additional affirmative defense that these

14

claims fail to state a claim for which relief may be granted, as has already been determined by

15

this Court.

16

### 3. Factual Issues In Dispute

17

The parties refer the Court to the prior Joint Case Management Statement, filed on

18

September 6, 2012 (D.I. 55).

19

### 4. Legal Issues in Dispute

20

The parties refer the Court to the prior Joint Case Management Statement, filed on

21

September 6, 2012 (D.I. 55).

22

### 5. Motions

23

*Pending Motion*: Oracle filed a motion to compel and for sanctions related to DLT-

24

FBS's failure to produce documents in accordance with the Court's November 28, 2012 Order

25

(D.I. 88). DLT-FBS filed an emergency motion to withdraw as counsel and to stay proceedings

26

on January 4, 2013. Oracle filed a motion challenging DLT-FBS's confidentiality designations

27

under the Protective Order on January 10, 2013.

28

1                 **a.**       **Plaintiff Oracle's Statement Regarding Expected Motions**

2      *Discovery Motions*: Neither Defendant produced their documents by the Court ordered

3 deadlines (Dec. 28th for Service Key and Dec. 31st for DLT-FBS). Whereas DLT-FBS has

4 offered no date by which it will produce its documents, Service Key promised a full and

5 complete production by January 11, 2013. As noted above, Oracle brought a motion related to

6 DLT-FBS's failure to produce. Oracle is attempting to resolve Service Key's failure to produce

7 documents without involving the Court, and will review Service Key's promised production

8 before deciding whether a motion is necessary.

9      *Summary Judgment Motions:* Oracle will evaluate whether to file a motion for summary

10 judgment or partial summary judgment after the parties have substantially completed discovery.

11
12                 **b.**       **Defendants Service Key and Vines' Statement Regarding Expected Motions**

13      Service Key anticipates that it may need to bring a motion to compel relating to its First

14 Set of Requests for Production to Oracle as Oracle has not yet produced any responsive

15 documents.

16                 **c.**       **Defendant FBSCGov's Statement Regarding Expected Motions**

17      *Motion to Dismiss*: Pending the appearance of substitute counsel, given that Oracle's

18 Second Amended Complaint has re-asserted three causes of action that have already been

19 dismissed by this Court, FBSCGov may be filing a Motion to Dismiss portions of the Second

20 Amended Complaint.

21      *Discovery Motions*: Pending the appearance of substitute counsel, FBSCGov may be

22 filing a motion for protective order seeking to limit the scope of Oracle's third party discovery.

23 Pending the appearance of substitute counsel, FBSCGov may be filing a motion to compel the

24 production of documents from Oracle given Oracle's failure to produce any of its

25 communications with Rob Muse. In addition, Oracle's statement above that "DLT-FBS has

26 offered no date by which it will produce its documents" is false. FBSCGov has notified Oracle

27 in writing on two separate occasions that, based on the most recent communications with the

28

RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1   vendor, the documents were supposed to be delivered to FBSCGov's counsel sometime this

2   week.  Due to the pending motion to withdraw and forthcoming substitution of counsel,

3   FBSCGov's current counsel of record is unable to provide an exact production deadline because

4   said counsel will not be compiling the final production from the search results.  However,

5   Oracle's attempt to equate this with a refusal to provide any time estimate is disingenuous and

6   misleading.

7       *Summary Judgment Motions*:  Pending the appearance of substitute counsel, FBSCGov

8   will evaluate whether to file a motion for summary judgment or partial summary judgment after

9   the parties have substantially completed discovery.

10              **6.      Amendment of Pleadings**

11      Oracle filed the operative Second Amended Complaint on December 17, 2012.  On that

12  same day Oracle filed a Motion to Seal the Complaint.  The Court granted the Motion to Seal in

13  part, and denied it in part.  Oracle re-filed the Second Amended Complaint without redactions on

14  December 24, 2012.

15              **a.      Plaintiff Oracle's Statement**

16      Neither Defendant responded to the Second Amended Complaint by the due date of

17  January 3rd 2013 (17 days after Oracle filed the Second Amended Complaint pursuant to Fed. R.

18  Civ. P. 15(a)(3) and 6(d)).  Oracle has not yet determined whether any further amendment to add

19  parties or claims will be necessary or appropriate.  Oracle is informed and believes that there

20  may be additional parties involved in the acts alleged in its complaint, but their identities have

21  been concealed from Oracle.  After discovery, which is necessary to identify the names and

22  capacities of these parties, Oracle will evaluate whether it is necessary to amend its complaint to

23  identify them.

24              **b.      Defendants Service Key and Vines' Statement**

25      The Service Key Defendants will be filing answers to the Second Amended Complaint on

26  or before the due date of January 10, 2013.  The Service Key Defendants do not know whether

27  further amendments to their respective responsive pleadings will be necessary.

28

1                 **c.**       **Defendant FBSCGov's Statement**

2         FBSCGov has not yet determined whether any further amendment to add parties or

3 counterclaims will be necessary or appropriate.

4             **7.**       **Evidence Preservation**

5                 **a.**       **Oracle's Statement**

6         Oracle has implemented an appropriate litigation hold for its custodians and computer

7 servers that are likely to have information that may be relevant to this dispute. Oracle has

8 attempted to discover what steps, if any, Defendants have taken but has so far been unsuccessful.

9 However there has been at least some indication so far that Defendants have not retained

10 potentially relevant documents in violation of their obligations under the Federal Rules of Civil

11 Procedure. Oracle is concerned Defendants failed to preserve relevant evidence given their

12 failure to produce their documents by the Court-ordered deadlines without justification, a

13 concern that is heightened by DLT-FBS's counsel's emergency motion to withdraw without

14 specifying a reason.

15                 **b.**       **Defendants Service Key and Vines' Statement**

16         When the Parties discussed evidence preservation during their Rule 16 conference,

17 Service Key told Oracle that evidence preservation should be both in proportion to the scale of

18 the claims at issue, and that it should be mutual. Oracle did not object to these suggestions, nor

19 did it make any suggestions during the Rule 16 conference or subsequently as to what Oracle

20 contended would be an appropriate approach to evidence preservation.

21                 **c.**       **Defendant FBSCGov's Statement**

22         FBSCGov has implemented an appropriate litigation hold for its custodians and computer

23 servers that are likely to have information that may be relevant to this dispute and has repeatedly

24 informed Oracle of this fact. Oracle's statement above that it "has attempted to discover what

25 steps, if any, Defendants have taken but has so far been unsuccessful" is false. Oracle has never

26 asked about specific steps; it has only asked whether appropriate steps have been taken, and it

27 has been informed that such steps have been taken.

28

RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    **8.    Disclosures**

2    The parties exchanged their initial disclosures under Rule 26(a) on July 13, 2012.

3    **9.    Discovery**

4    **a.    Discovery Taken To Date**

5    In addition to the discovery described in the prior Joint Case Management Statement,

6    filed on September 6, 2012 (D.I. 55), Oracle served notices of deposition for Leo Bebeau, Geoff

7    Prosser, and Michael Johnson on December 24, 2012.  Oracle served third-party Subpoenas to

8    Produce Documents to NAPC, Inc., a Service Key partner, and Allen Press, Inc. and Color Edge

9    Visual, LLC, end customers Oracle believes received support from Service Key, on September

10   21, 2012.  Oracle also served third-party Subpoenas to Produce Documents on Service Key

11   partners West Coast Computer Exchange, Securetek Group, Inc., and Centrics IT, LLC on

12   November 15, 2012.  Oracle served third-party Subpoenas to Produce Documents on Domains

13   by Proxy on October 4, 2012 and MediaFire on December 7, 2012, as Oracle believes both

14   entities hosted websites or content related to Defendants' unlawful activities. Oracle served a

15   third-party Subpoena to Testify at Deposition to Atlantix Global Systems, LLC pursuant to

16   F.R.C.P. 30(b)(6) and Mike Jacovitch on December 24, 2012.  Oracle also served a third-party

17   Subpoena to Testify at Deposition to Rob Muse on January 3, 2013 and a third party Subpoena to

18   Produce Documents on Stratiscom LLC on January 9, 2013.

19   Service Key served Requests for Production on Oracle on September 20, 2012.  DLT-

20   FBS served Requests for Production on Oracle and Service Key on September 25, 2012, and

21   Interrogatories on Oracle on November 27, 2012.

22   **b.    Rule 26(f)(3)(A): Initial Disclosures**

23   See Section 8 above.

24   **c.    Rule 26(f)(3)(B): The Scope Of Anticipated Discovery And**
25   **When It Should Be Completed**

26   **(1)    Oracle's Position**

27   Oracle refers the Court to the prior Joint Case Management Statement, filed on

28   September 6, 2012 (D.I. 55).  Due to the delays in obtaining responses to Oracle's foundational

1
2
3
4

discovery requests, described in Oracle's Motion to Compel (D.I. 56 at 2-6), Oracle is concerned that the previously ordered case schedule may no longer be feasible.  Oracle will attempt to complete discovery in the time allotted, however in the event of further delay, Oracle reserves its right to seek additional time for discovery.

5
6
7
8

In addition, Oracle may need to take additional depositions than those initially allotted. Defendants' initial document productions, as well as the productions of third-parties, have revealed additional witnesses with relevant knowledge of Oracle's allegations.  Oracle therefore reserves its right to seek additional depositions if necessary.

9
10

### (2)   Defendants Service Key and Vines' Statement

11
12
13

In addition to conducting discovery into the merits of Oracle's claims and their own defenses, Service Key and Vines anticipate that they will have to engage in discovery to determine whether Oracle's policies toward independent service providers who compete with Oracle in the market for hardware support are anti-competitive.

14
15

### (3)   Defendant FBSCGov's Statement

16
17

FBSCGov refers the Court to the prior Joint Case Management Statement, filed on September 6, 2012 (D.I. 55).  FBSCGov opposes Oracle's renewing its prior request for additional deposition time, which has already been denied by the Court.

18
19

### d.   Rule 26(f)(3)(C): Issues About Electronically Stored Information ("ESI")

20
21
22
23
24

DLT-FBS has represented that it has engaged an electronic discovery vendor and will produce its ESI with the relevant metadata.  Oracle will do the same.  Service Key produced its emails in native form, which also contains relevant metadata.  Oracle and Service Key are currently meeting and conferring on Service Key's additional ESI, and how additional metadata will be preserved and produced.

25
26

### e.   Rule 26(f)(3)(D): Claims Of Privilege Or Protection

27
28

The parties refer the Court to the prior Joint Case Management Statement, filed on September 6, 2012 (D.I. 55).

RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1                      **f.**       **Rule 26(f)(3)(E): Changes To Discovery Limits**

2        **Interrogatories**:  The parties refer the Court to the prior Joint Case Management

3 Statement, filed on September 6, 2012 (D.I. 55).

4        **Requests for Production and Requests for Admission**:  The parties refer the Court to

5 the prior Joint Case Management Statement, filed on September 6, 2012 (D.I. 55).

6        **Depositions**:  Pursuant to the Court's instruction at the September 13, 2012 Case

7 Management Conference, the presumptive limit stated in Fed. R. Civ. P. 30(a)(2)(A) shall apply,

8 provided that should any party require additional depositions, it may ask the Court for more.

9                      **g.**       **Rule 26(f)(3)(F): Any Other Orders Under Rules 26(c), 16(b),**

10                                   **or 16(c)**

11        The Court signed the parties' stipulated Protective Order on November 28, 2012 (D.T.

12 87).

13            **10.**     **Class Actions**

14        This case is not a class action.

15            **11.**     **Related Cases**

16        There are no known related cases.

17            **12.**     **Relief**

18        The parties refer the Court to the prior Joint Case Management Statement, filed on

19 September 6, 2012 (D.I. 55).

20            **13.**     **Settlement and ADR**

21        The parties held a settlement conference with Magistrate Judge Cousins on December 13,

22 2012.  Oracle and Service Key held additional settlement conferences on December 20, 2012 and

23 December 31, 2012.  Settlement discussions with Service Key are ongoing.

24            **14.**     **Consent To A Magistrate For All Purposes**

25        The parties refer the Court to the prior Joint Case Management Statement, filed on

26 September 6, 2012 (D.I. 55).

27

28

RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    **15.    Other References**

2         This case is not suitable for reference to binding arbitration, a special master, or the

3    Judicial Panel on Multidistrict Litigation.

4    **16.    Narrowing of Issues**

5         The parties refer the Court to the prior Joint Case Management Statement, filed on

6    September 6, 2012 (D.I. 55).

7    **17.    Expedited Schedule**

8         This case is not suitable for handling under the Expedited Trial Procedure of General

9    Order 64.

10   **18.    Scheduling**

11        Pursuant to the Court's September 24, 2012 Order (D.I. 59), this case has been set for the

12   below schedule.

13   | Close of Fact discovery | 5/1/2013 |

14   | Designation of experts | 5/1/2013 |

15   | Designation of Rebuttal Experts | 5/22/2013 |

16   | Expert discovery cut-off | 6/26/2013 |

17   | Dispositive Motion Cut-off | 8/20/2013 |

18   | Pretrial Conference | 10/5/2013 |

19   | Trial | 10/14/2013 |

20   **19.    Trial**

21        Pursuant to the Court's September 24, 2012 Order (D.I. 59), trial before a jury will

22   commence on October 14, 2013 for an estimated 8-10 trial days.

23   **20.    Disclosure Of Non-Party Interested Entities Or Persons**

24        The parties refer the Court to the prior Joint Case Management Statement, filed on

25   September 6, 2012 (D.I. 55).

26

27

28

1    Dated:  January 10, 2013                    Bingham McCutchen LLP

2

3                                               By:  _____/s Geoffrey M. Howard_____
                                                     Geoffrey M. Howard
4                                                    Attorneys for Plaintiff
                                                     Oracle America, Inc.
5

6                                               GCA Law Partners LLP
     Dated:  January 10, 2013
7

8                                               By:  _____/s Valerie M. Wagner_____
                                                     Valerie M. Wagner
9                                                    Attorneys for Defendants
                                                     Service Key LLC and Angela Vines
10

11                                              Dunlap, Grubb & Weaver, PLLC
     Dated:  January 10, 2013
12

13                                              By:  _____/s David Ludwig_____
                                                     David Ludwig
14                                                   Attorneys for Defendant
                                                     FBSCGov f/k/a DLT Federal Business
15                                                   Systems Corporation

16

17

18

19          Pursuant to Civil Local Rule 5-1(i), I attest that the concurrence in the filing of

20   this document has been obtained from each of the other signatories.

21                                              /s Geoffrey M. Howard_____
                                                Geoffrey M. Howard

22

23

24

25

26

27

28

Case No. 4:12-cv-00790-SBA

RULE 26(F) REPORT AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT