UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation, | Case No:  C 12-00790 SBA |
| Plaintiff, | **ORDER DENYING MOTION TO WITHDRAW AS COUNSEL** |
| vs. | Dkt. 117 |
| SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1-50, | |
| Defendants. | |

        The law firms DunlapWeaver PLLC and Coblentz, Patch, Duffy & Bass LLP (collectively "Counsel") are presently the attorneys of record for Defendant FBSCGov, formerly known as DLT Business Systems Corporation ("FBSCGo").  On January 13, 2013, Counsel filed a cursory, one-page motion to withdraw, which they noticed for hearing on January 22, 2013.  Citing California Rule of Professional Conduct 3-700, Counsel assert that they "must" withdraw.  Dkt. 117 at 3.  Counsel do not specify the reasons for their request to withdraw, but do indicate that notice of the instant request was provided to FBSCGo "over a week ago."  Id.[1]

        This Court's Civil Local Rules authorize an attorney to withdraw as counsel of record only if:  (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).

_____

        [1] The motion fails to provide thirty-five day's notice, as required by Civil Local Rule 7-2(a).  In addition, none of the factual averments in the motion is supported by a citation to an affidavit or declaration, as required by Civil Local Rule 7-5.

In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  The California Rules of Professional Conduct provide for "Mandatory Withdrawal" under Rule 3-700(B) or "Permissive Withdrawal" under Rule 3-700(C).[2]  However, before counsel can withdraw under either rule, they must first comply with Rule 3-700(A)(2), which provides that:  "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."  The decision to permit counsel to withdraw is within the sound discretion of the trial court.  See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009).

The Court finds that withdrawal at this juncture is inappropriate because Counsel have failed to comply the requirements of Civil Local Rule 11-5(a) and California Rule of Professional Conduct 3-700(A)(2).  While Counsel assert that they provided notice of their intention to withdraw to FBSCGo, there is no indication that notice was given to their client reasonably in advance of the filing of said motion, as required by Civil Local Rule 11-5(a). Counsel state only that they provided notice a week before filing this motion.  Even then, there is no evidence that Counsel complied with Rule 3-700(A)(2), which provides, among other things, that counsel shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client.  For example, there is no indication that Counsel provided their client with a detailed explanation of the consequences of withdrawal, such as the fact that a corporation must be represented by an attorney.  See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-974 (9th Cir. 2004); Civ. L.R. 3-9 ("A corporation, unincorporated association,

---

[2] Counsel do not indicate whether they are relying on Rule 700(B) or (C) as the basis of their request.

1   partnership or other such entity may appear only through a member of the bar of this

2   Court.").  Such information is critical:  When a corporation fails to retain counsel to

3   represent it in an action, its answer may be stricken and a default judgment entered against

4   it.  Rojas v. Hawgs Seafood Bar, Inc., No. C08–03819 JF (PVT), 2009 WL 1255538, at *1

5   (N.D. Cal. 2009) (citing Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998

6   (9th Cir. 2007) (holding that it was proper to enter default judgment against corporation

7   that failed to retain substitute counsel after former counsel withdrew)).[3]

8           In sum, the Court finds that withdrawal is not appropriate because Counsel have

9   failed to comply with Civil Local Rules and the California Rules of Professional Conduct.

10  Accordingly,

11          IT IS HEREBY ORDERED THAT Counsel's motion to withdraw is DENIED

12  WITHOUT PREJUDICE to filing a motion that rectifies the deficiencies set forth above.

13  This Order terminates Docket 117.

14          IT IS SO ORDERED.

15  Dated:  January 18, 2013

    _Saundra B Armstrong_
16  SAUNDRA BROWN ARMSTRONG
    United States District Judge

17

18

19

20

21

22

23

24

25

---

26      [3] To the extent that Counsel desired to shield any information germane to the Court's
    consideration of their motion to withdraw due to client confidentiality concerns, Counsel
27  could have filed said information under seal for _in camera_ inspection.  In addition, to the
    extent that FBSCGo retains new counsel, Counsel may file a substitution of counsel in lieu
28  of a renewed motion to withdraw.