UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>     vs.<br><br>SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1–50,<br><br>               Defendants. | Case No:  C 12-00790 SBA<br><br>**AMENDED ORDER GRANTING MOTION TO WITHDRAW AND DIRECTING DLT FEDERAL BUSINESS SYSTEMS CORPORATION TO RETAIN COUNSEL**<br><br>**Supersedes Dkt. 183**<br><br>Dkt. 163 |

The parties are presently before the Court on DLT Federal Business Systems Corporation's (DLT) Motion to Withdraw by Counsel.  Dkt. 163.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  In addition, DLT is ordered to retain new counsel within fifteen (15) days of this Order.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

On February 17, 2012, Plaintiff Oracle America, Inc. (Oracle) filed the instant action against Defendants, DLT, Service Key, LLC ("Service Key") and its Service Key President and co-owner, Angela Vines.  The Amended Complaint alleges claims, inter alia, under the Federal Copyright Act, 17 U.S.C. §§ 101 et seq., the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030 et seq., and the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

The discovery cut-off date is June 26, 2013, and trial is scheduled to commence on October 14, 2013.  Dkt. 59.

At the outset of the action, DLT was represented by DunlapWeaver PLLC and Coblentz, Patch, Duffy & Bass LLP (collectively "Original Counsel").  On January 11, 2013, Original Counsel filed a motion to withdraw due to ethical concerns, pursuant to California Rule of Professional Conduct 3-700.  Dkt. 117.  For procedural reasons, the Court denied the motion without prejudice on January 18, 2013.  Dkt. 131.  In that Order, however, the Court explicitly warned DLT, that, as a corporation, it may appear only through counsel.  Id. at 2.  In addition, the Court noted that "[w]hen a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."  Id. at 3.  Three days later, on January 22, 2013, DLT filed a notice substituting the law firms Rimon P.C. and NOVA IP Law, PLLC (collectively "Current Counsel") in place of Original Counsel.  Dkt. 137, 142.

On March 8, 2013, little more than one month after appearing in this action, Current Counsel filed the instant motion to withdraw.  Dkt. 163.  According to Current Counsel, on March 6, 2013, DLT informed them that it was severing the attorney-client relationship.  Additionally, DLT expressly forbade Current Counsel from making or serving any further papers, briefs, motions or discovery on DLT's behalf,  other than a notice of termination and, if necessary, a motion to withdraw as counsel.  Whittacar Decl. ¶ 3, Dkt. 163-1.  Current Counsel then notified DLT of impending and briefing deadlines, and advised DLT that it could only appear through counsel.  Id. ¶ 4.  DLT responded that it would assume responsibility for its litigation obligations through its own or alternative counsel.  Id.

## II.  **DISCUSSION**

This Court's Civil Local Rules authorize an attorney to withdraw as counsel of record only if:  (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court.  Civ. L.R. 11-5(a).  In addition, withdrawing counsel must have "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client,

1   allowing time for employment of other counsel, complying with rule 3-700(D), and

2   complying with applicable laws and rules."  Cal. Rules Prof. Conduct 3-700(A)(2); see

3   Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of

4   Professional Conduct to attorney withdrawal).

5           A client has an absolute right to discharge an attorney, with or without cause.

6   Francasse v. Brent, 6 Cal. 3d 784, 790 (1972) (citing Cal. Code. Civ. Proc. § 284).  Rule 3-

7   700(C)(5) of the California Rules of Professional Conduct authorizes the permissive

8   withdrawal of counsel upon the client's termination of the employment relationship.  In

9   addition, Current Counsel's withdrawal is justified based on DLT's explicit instruction that

10  they not take any further action on its behalf, other than to seek withdrawal or to file a

11  notice of termination.  See Cal. Rule. Prof. Conduct, rule 3-700(C)(1)(d) (permissive

12  withdrawal allowed where client "renders it unreasonably difficult for the member to carry

13  out the employment effectively").  Finally, the record confirms that DLT has expressly

14  consented to withdrawal of Current Counsel and that all of the prerequisites for withdrawal

15  under Civil Local Rule 11-5(a) and Rule 3-700(D) have been satisfied.

16          Oracle opposes the motion to withdraw on the grounds that it is nothing more than a

17  ruse by DLT to disrupt its efforts to conduct discovery and prepare this action for trial.

18  Dkt. 167.[1]  In addition, Oracle points out that DLT cannot appear pro se, and that it has no

19  replacement counsel lined up.  Although Oracle's concerns are well taken, denying Current

20  Counsel's request to withdraw is not a viable solution.  The record confirms that DLT has

21  fired Current Counsel, explicitly forbidden them from taking *any* further action on behalf of

22  DLT, and ceased compensating them for their services.  Whittacar Decl. ¶¶ 3-10.  Under

23  these circumstances, it would be illogical, inequitable and untenable to compel Current

24  Counsel to remain as DLT's counsel of record.

25  _____

26          [1] Oracle points out that the depositions of DLT employees are scheduled for March
    21 and 22, 2013, and that Oracle has invested significant time and resources preparing for
27  those depositions.  Oracle began serving discovery requests upon DLT in July 2012, but
    DLT has refused to cooperate in responding to those requests.  As a result, Oracle has
    obtained three orders issued by Magistrate Judge Nandor Vadas compelling discovery.
28  Oracle only recently received documents from DLT in February 2013.

As noted, both this Court and Current Counsel have repeatedly warned DLT that it cannot appear pro se, and that it must be represented by counsel in this action.  See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-974 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'") (citation omitted); Civ. L.R. 3-9 ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").  The record demonstrates that DLT fired Current Counsel on March 6, 2013, despite its awareness that its failure to retain substitute counsel could lead to the entry of a default judgment against it.  That notwithstanding, to date, no substitute counsel has appeared in the action nor is there any indication that DLT intends to retain counsel.  Therefore, if substitute counsel fails to appear on behalf of DLT in this action within fifteen days of this Order, the Court will strike DLT's answer and direct the entry of default against DLT.  Thereafter, Oracle may file a motion for default judgment against DLT, which will then be referred to Magistrate Judge Vadas for a report and recommendation.  See United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was "perfectly appropriate" for the district court to enter a default judgment when the defaulting corporation failed to comply with the court's order to retain licensed counsel).

## III.  **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      The Motion to Withdraw by Counsel is GRANTED.  The law firms of Rimon P.C. and NOVA IP Law, PLLC, and their attorneys, are terminated as counsel of record.

2.      DLT is ordered to retain counsel licensed to practice in this Court who shall file a notice of appearance within fifteen (15) days of the date this Order is filed.  Should DLT fail to do so, the Court will strike DLT's answer and direct the Clerk to enter default against DLT forthwith.

//

3.     Until further Order of the Court, pursuant to Civil Local Rule 11-5(b), all notices, papers, and pleadings that may or must be served on DLT shall be served upon Rimon P.C. and NOVA IP Law, PLLC, by regular or overnight mail, who are ordered, in turn, to forward any materials received directly to DLT forthwith, upon receipt.

4.     This Order terminates Docket 163.

IT IS SO ORDERED.

Dated:  March 22, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge