UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1–50,<br><br>Defendants. | Case No: C 12-00790 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EXPEDITED PROCEEDINGS AND MOTION FOR MODIFICATION OF THE CASE SCHEDULING ORDER**<br><br>Docket 209, 214, 215 |

The parties are presently before the Court on Defendant DLT Federal Business Systems Corporation's ("DLT") a Motion for Expedited Proceedings and Motion for Modification of the Case Scheduling Order. Dkt. 209, 214, 215. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motions for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

On February 17, 2012, Plaintiff Oracle America, Inc. ("Oracle"), filed the instant action against DLT and others. On September 24, 2012, the Court issued its Order for Pretrial Preparation, which, in accordance with Federal Rule of Civil Procedure 16, set the trial date and the requisite pretrial deadlines. Dkt. 59. With regard to discovery, the Order

stated as follows: "All discovery, except for expert discovery, shall be completed and all depositions taken on or before 5/1/13. The parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the above discovery cut-off." Id. at 1.[1]

Until recently, DLT conducted little discovery in this action. On November 27, 2012, DLT served Oracle with a first set of interrogatories and two document requests. See Hixson Decl. Exs. C and D, Dkt. 158-4, 158-5. Subsequently, DLT replaced its counsel of record twice; first on January 24, 2013, Dkt. 142, and again on March 22, 2013, Dkt. 185, 187. On April 1, 2013, DLT's third set of attorneys propounded a new round of discovery, consisting of 22 document requests, 27 requests for admission and 11 interrogatories. See Peyton Decl. Exs. A-C, Dkt. 207. Oracle's responses were due by May 6, 2013—beyond the May 1 discovery cut-off. See Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2), 36(a)(3). Oracle refused to respond to DLT's discovery requests on the ground that they were untimely. Thus, on May 15, 2013, DLT filed a motion to compel, which was noticed for hearing before Magistrate Judge Nandor Vadas. Dkt. 207. However, Magistrate Judge Vadas deemed the motion untimely and declined to hear it unless this Court extended the deadline for fact discovery. Dkt. 213.

As a result of Magistrate Judge Vadas' decision, DLT filed the instant Motion for Modification of the Case Scheduling Order, which seeks to extend the fact discovery cut-off and expert disclosure deadlines from May 1, 2013 to June 17, 2013, and to extend the expert discovery cut-off from June 26, 2013 to July 31, 2013. Dkt. 214. Oracle timely

---

[1] On April 10, 2013, the Court approved the parties' stipulation to extend the deadline to complete depositions to May 15, 2013. Dkt. 194. The Court's Order noted, however, that "[e]xcept for this extension on the deadline to conduct fact discovery depositions, the May 1, 2013 fact discovery cutoff otherwise remains intact." Id.

filed an opposition to DLT's motion. The matter is fully briefed and is ripe for adjudication.[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

The Court finds that DLT has failed to demonstrate good cause to modify the Court's pretrial schedule. Fact discovery commenced almost a year ago on June 22, 2012, when the parties conducted their Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1). Though DLT initially propounded limited discovery in September 2012, it conducted no additional discovery until April 1, 2013, when it served Oracle with numerous document requests, interrogatories and requests for admission. However, such discovery requests are untimely because Oracle's deadline to respond falls outside the fact discovery cut-off date. As noted, the Court's scheduling order specifies that "[a]ll discovery . . . *shall be completed* . . . on or before 5/1/13. Dkt. 59 (emphasis added). Perhaps more fundamentally, DLT offers no explanation why it could not have served these discovery requests earlier such that Oracle's responses would have been due *prior* to the discovery

---

[2] DLT also filed a Motion for Expedited Proceedings to have its motion for modification heard on shortened notice. Dkt. 215. However, the motion for modification is more appropriately construed under the provisions of Local Rule 6-3, which govern motions to change time. Since a motion to change time need not be noticed for hearing, the Court denies DLT's motion to expedite as moot.

cut-off. Thus, based on the record presented, the Court finds that DLT has not been diligent with respect to its efforts to conduct discovery in this action.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT DLT's Motion for Modification of the Case Scheduling Order and Motion for Expedited Proceedings are DENIED. This Order terminates Docket 209, 214 and 215.

IT IS SO ORDERED.

Dated: 5/30/13

SAUNDRA BROWN ARMSTRONG
United States District Judge