| | | |
|---|---|---|
| 1 | BINGHAM MCCUTCHEN LLP<br>Geoffrey M. Howard (SBN 157468) | GCA LAW PARTNERS LLP<br>Valerie M. Wagner (SBN 173146) |
| 2 | geoff.howard@bingham.com<br>Thomas S. Hixson (SBN 193033) | vwagner@gcalaw.com<br>Jill F. Kopeikin (SBN 160792) |
| 3 | thomas.hixson@bingham.com<br>Kyle Zipes (SBN 251814) | jkopeikin@gcalaw.com<br>1891 Landings Drive |
| 4 | kyle.zipes@bingham.com<br>Three Embarcadero Center | Mountain View, CA 94043-0848<br>Telephone: 650.428.3900 |
| 5 | San Francisco, California 94111-4067<br>Telephone: 415.393.2000 | Facsimile: 650.428.3901 |
| 6 | Facsimile: 415.393.2286 | Attorneys for Defendants |
| | | Service Key, LLC and Angela Vines |

1  BINGHAM MCCUTCHEN LLP                          GCA LAW PARTNERS LLP
   Geoffrey M. Howard (SBN 157468)                Valerie M. Wagner (SBN 173146)
2  geoff.howard@bingham.com                       vwagner@gcalaw.com
   Thomas S. Hixson (SBN 193033)                  Jill F. Kopeikin (SBN 160792)
3  thomas.hixson@bingham.com                      jkopeikin@gcalaw.com
   Kyle Zipes (SBN 251814)                        1891 Landings Drive
4  kyle.zipes@bingham.com                         Mountain View, CA 94043-0848
   Three Embarcadero Center                       Telephone: 650.428.3900
5  San Francisco, California 94111-4067           Facsimile: 650.428.3901
   Telephone: 415.393.2000
6  Facsimile: 415.393.2286                        Attorneys for Defendants
                                                  Service Key, LLC and Angela Vines
7  ORACLE CORPORATION
   Dorian Daley (SBN 129049)
8  dorian.daley@oracle.com
   Deborah K. Miller (SBN 95527)
9  deborah.miller@oracle.com
   500 Oracle Parkway
10 M/S 5op7
   Redwood City, CA 94065
11 Telephone: 650.506.4846
   Facsimile: 650.506.7114
12
   ORACLE CORPORATION
13 Jeffrey S. Ross (SBN 138172)
   jeff.ross@oracle.com
14 10 Van de Graaff Drive
   Burlington, MA 01803
15 Telephone: 781.744.0449
   Facsimile: 781.238.6273
16
   Attorneys for Plaintiff
17 ORACLE AMERICA, INC.

18                    UNITED STATES DISTRICT COURT
19                   NORTHERN DISTRICT OF CALIFORNIA
20                          OAKLAND DIVISION

21 ORACLE AMERICA, INC., a Delaware       No. 4:12-cv-00790-SBA
22 corporation;
                                          **STIPULATED JUDGMENT**
23         Plaintiff,
           v.
24
   SERVICE KEY, LLC, a Georgia limited liability
25 company; ANGELA VINES; DLT FEDERAL
   BUSINESS SYSTEMS CORPORATION, a
26 Delaware corporation; and DOES 1–50,
27         Defendants.
28
                                          Case No. 4:12-cv-00790-SBA
                        STIPULATED JUDGMENT

Plaintiff Oracle America, Inc. ("Oracle" or "Plaintiff") and Defendants Service Key LLC ("Service Key") and Angela Vines ("Vines") (together, "the Service Key Defendants"), through their undersigned counsel, hereby stipulate and move this Court for entry of judgment. This judgment does not resolve, affect, or modify Oracle's claims against Defendant DLT-FBS. However, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason to delay the entry of judgment on Oracle's claims against the Service Key Defendants as follows:

Accordingly, IT IS HEREBY ADJUDGED AND ORDERED that:

1. Oracle and the Service Key Defendants have entered into a Settlement Agreement to resolve Oracle's claims against the Service Key Defendants, and those parties have agreed on the terms of this Stipulated Judgment . This settlement does not resolve, affect, or modify Oracle's claims against Defendant DLT-FBS.

2. On Oracle's claims of unfair competition (Cal. Bus. & Prof. Code § 17200) and for an accounting, Oracle shall recover from the Service Key Defendants the following monetary and equitable injunctive relief:

    a. The Service Key Defendants, as well as their officers, employees, and all those acting under their control and/or for their benefit, are hereby permanently enjoined as follows:

        i. They shall search all computers and computer storage locations in their possession, or to which they have access, for Software and Support Materials, and destroy and thereafter cease to use, any and all such materials.

        ii. They shall allow Oracle, at its sole discretion, to perform an annual audit of their work relating to Oracle/Sun hardware for the next five (5) years. They shall maintain complete and detailed records regarding their performance of any and all support services on Oracle/Sun hardware in their customer support record system, shall retain all emails sent to or from their IT Help Desk personnel, and

shall disclose such records and emails in any audit conducted by Oracle to enable Oracle to determine whether the Service Key Defendants have complied with the terms of this Stipulated Judgment.

3. On Oracle's claims for copyright infringement (17 U.S.C. § 106), violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(6)(A)), violation of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), breach of contract, inducing breach of contract, fraudulent inducement, and intentional interference with prospective economic relations, Oracle shall recover from the Service Key Defendants the following monetary and equitable injunctive relief:

   a. The Service Key Defendants, as well as their officers, employees, and all those acting under their control and/or for their benefit, are hereby permanently enjoined as follows:

      i. They shall not access or log into any password-protected portion of any Oracle website or any Oracle FTP site, whether on their own behalf or as an agent or a contractor for any third party.

      ii. They shall not use any user credentials, IDs or passwords for any password-protected portion of any Oracle website, or give, receive, sell, or otherwise provide any such access credentials or IDs to any other party.

      iii. They shall not give, receive, sell or otherwise provide to anyone any Oracle/Sun software and/or support materials, including any updates, bug fixes, patches, media kits or other proprietary software support materials, and including any patches, bug fixes or updates to the Solaris Operating System (collectively "Software and Support Materials").

      iv. They shall not make any representations to any third party that says or implies that (i) they have access to or can access or obtain

Oracle's Software and Support Materials, (ii) they can or do provide Oracle-branded support, including but not limited to any representation that they provide "Oracle Premier Support for Systems" or (iii) they are authorized by Oracle, either directly or indirectly, to resell and/or deliver Software and Support Materials in any manner whatsoever.

  v. They shall give a copy of this Stipulated Judgment and written instructions to their officers, employees and agents that they must comply with the restrictions regarding the Software and Support Materials set forth in this Stipulated Judgment, on pain of disciplinary action, up to and including termination, and they shall take appropriate disciplinary action against known violators.

  vi. They shall give a copy of the written statement attached as Exhibit A to all current customers that have engaged the Service Key Defendants to provide support services on any Oracle/Sun hardware, and shall also provide the statement along with any request, solicitation, advertisement or proposal for any professional services, or any other comparable document that the Service Key Defendants provide at the outset of an actual or prospective engagement, to any current or prospective clients or customers that have engaged or are considering engaging the Service Key Defendants to provide future support services on any Oracle/Sun hardware.

4. On Oracle's claim for unjust enrichment against the Service Key Defendants, Oracle shall recover nothing.

5. Neither Oracle nor the Service Key Defendants shall recover costs or attorneys' fees from each other. As between Oracle, on the one hand, and the Service Key Defendants, on the other, each shall bear its own costs and attorneys' fees, except as specified in

paragraph 7 below.

6. Oracle and the Service Key Defendants waive any rights to appeal this Stipulated Judgment.

7. The Court retains jurisdiction over any action to enforce this Stipulated Judgment. In any such action, the prevailing party shall be entitled to reasonable attorneys' fees and costs. Given Magistrate Judge Nathanial Cousins' familiarity with the process that concluded with this Stipulated Judgment, Oracle and the Service Key Defendants request that in in any future action to enforce or resolve any disputes relating to this Stipulated Judgment, the Court refer the matter to Magistrate Judge Cousins for all purposes provided he is available.

DATED: May 23, 2013

Bingham McCutchen LLP

By: /s/ Geoffrey M. Howard
Geoffrey M. Howard
Attorneys for Plaintiff
Oracle America, Inc.

DATED: May 23, 2013

GCA Law Partners LLP

By: /s/ Valerie M. Wagner
Valerie M. Wagner
Attorneys for Defendants Service Key, LLC,
and Angela Vines

1  DATED: 6/11/13

2

3                                          _____
                                           Hon. Saundra B. Armstrong
4                                          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

5

STIPULATED JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

STIPULATED JUDGMENT

1

2   "SERVICEKEY DOES NOT SELL OEM SERVICE AGREEMENTS.  PRICING PROVIDED

3   IS FOR AN ALTERNATIVE HARDWARE MAINTENANCE PROGRAM PROVIDED BY

4   AN INDEPENDENT SERVICE MAINTENANCE ORGANIZATION.  SERVICEKEY

5   PROVIDES NO SOFTWARE, BUG FIXES, PATCHES, UPDATES, UPGRADES,

6   LICENSING FOR ANY SUCH SOFTWARE OR OTHER PRODUCT, OR ANY OEM

7   SUPPORT MATERIALS.  SERVICE KEY IS NOT AUTHORIZED TO PRODUCE ANY

8   SUCH SOFTWARE, LICENSING, OR SUPPORT MATERIALS.  ANY SOFTWARE,

9   LICENSING OR SUPPORT MATERIALS DEVELOPED AND DISTRIBUTED BY THE

10  OEM AND AUTHORIZED FOR USE ON THE OEM'S PRODUCTS MUST BE OBTAINED

11  FROM THE OEM ITSELF."

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED JUDGMENT