UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation, and DOES 1-15,<br><br>    Defendants.<br>                                          / | No. 4:12-CV-0790 SBA (NJV)<br><br>REPORT AND RECOMMENDATIONS RE MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE INSTRUCTION<br>(Doc. 226) |

Pending before the court is the Motion for Terminating Sanctions, or, in the Alternative, for an Adverse Inference Instruction, filed June 13, 2013, by Plaintiff Oracle America ("Oracle"). (Docket no. 226.) This matter was referred to the undersigned by Senior District Judge Armstrong on June 28, 2013. (Docket no. 245.) In its motion, Oracle seeks an order (1) granting terminating sanctions and entering a default judgment against Defendant DLT Federal Business Systems Corporation ("DLT-FBS") for $1,692,105 and the injunctive relief sought in the Second Amended Complaint or, in the alternative; (2) an order that (a) emails authored by DLT-FBS's "Michael Johnson" are authentic and admissible, and (b) issuing an adverse inference instruction to the jury that any attempt by DLT-FBS witnesses to testify contrary to what is stated in those emails may be presumed untrue. DLT-FBS opposes the motion.

After its initial review of the pending motion, the court found that additional information was required for its resolution. Therefore, the court ordered Catherine Prosser, President and Chairman of the Board of DLT-FBS, to personally provide a Declaration, signed under penalty of perjury, answering specific questions regarding Michael Johnson. (Docket no. 264.) Ms. Prosser's Declaration was filed on July 19, 2013. (Docket no. 275.)

For the reasons set forth below, the court will recommend that Senior District Judge Armstrong deny the motion in its entirety without prejudice.

## **DISCUSSION**

Oracle brings this motion pursuant to Rule 37(b)(2), Federal Rules of Civil Procedure. Rule 37, subsection (b), is entitled, "Failure to Comply with a Court Order." Rule 37(b)(2) provides as follows:

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part;

    (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The five parts are "the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

2

dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Electrical Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). "This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Id.*

"In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket management concerns, but truth." *Id.* at 1097. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.' " *Valley Eng'rs v. Electrical Eng'g Co.,* 158 F.3d at 1057 (quoting *Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir.1990)).

In support of its motion for sanctions, Oracle cites several orders of this court which it claims were violated by DLT-FBS. It first cites two orders requiring production of documents, and the court's order imposing sanctions for DLT-FBS's violation of those orders. At paragraph 2 of its order of November 28, 2012, the court ordered: "Defendant FBSCGov will produce documents responsive to Oracle's document requests on a rolling basis beginning November 20, 2012. It shall complete its document productions no later than December 31, 2012." (Docket no. 88, 1:11-13.) At paragraph 2 of its order of January 23, 2013, the court ordered: "By 4pm on January 25, 2013, DLT-FBS shall complete its document production to Oracle." (Docket no. 141, 1:10-11. At paragraph 2 of its order of February 5, 2013, the court ordered:

> DLT-FBS is ordered to pay Oracle sanctions in the amount of $2,750 for violating paragraph 2 of the Court's November 28, 2012 Order Regarding Plaintiff Oracle's Motion to Enter Protective Order and Motion to Compel, and Defendant DLT Federal Business Systems' Motion for Protective Order (Dkt. No. 88), and paragraph 2 of the Court's Order Following January 14, 2013 Status Conference (Dkt. No. 141).

3

(Docket no. 154, 1: 13-17.) The court thus finds that Oracle is correct in asserting that DLT-FBS violated the court's orders of November 28, 2012, and January 23, 2013, and that the court imposed monetary sanctions for those violations.

Oracle contends that DLT-FBS violated the court's order of April 15, 2013, regarding contact information for Michael Johnson. At paragraph 2 of its order of April 15, 2013, the court ordered:

> DLT-FBS shall promptly provide Oracle with any contact information it obtains for Michael Johnson, so that Oracle may subpoena him, and DLT-FBS shall make Michael Johnson available for deposition on or before the fact deposition deadline of May 15, 2013, unless Mr. Johnson refuses to appear, which refusal DLT-FBS shall document to the extent possible.

(Docket no. 199, 1:8-12.) Oracle claims that DLT-FBS violated this order by waiting until the last day to serve deposition notices and then provided a clearly fraudulent last-known address. It is undisputed that DLT-FBS did not produce Michael Johnson for deposition.

At the telephonic hearing on May 8, 2013, the court addressed Oracle's letter brief contending that DLT-FBS had violated the court's April 15, 2013 order. (Docket nos. 202, 204, 205.) At the hearing, counsel for DLT-FBS informed the court that it had provided Oracle with Johnson's last known address and had hired an investigator in an attempt to find him. Docket no. 274, FBSC's Response to Oracle's Motion, Exhibit F to Exhibit 3. Counsel further stated that DLT-FBS had not located Johnson's current address or contact information. *Id*. The court ordered DLT-FBS to "prepare a declaration regarding their current knowledge of the whereabouts of Michael Johnson, and to produce all documentation it has in its possession regarding Michael - - Michael Johnson no later than 4:00 pm - - Friday, May 10th, by 4:00 pm." *Id*. at 7.

DLT-FBS then provided the Declaration of Chief Operating Officer Anne Rose Osamba, which was served on Oracle by email on May 10, 2013. FBSC's Response to Oracle's Motion, Exhibit 2. In her declaration, Ms. Osamba states in part that after conducting a detailed search, she is unable to locate any electronic or hard copies of agreements related to Mr. Johnson's work for the company, claims for owed compensation, or invoices Mr. Johnson submitted to the company. *Id*. at 2-3. She states that she has determined that no such documents exist, and that they likely never

4

existed. *Id*. at 3. Ms. Osamba repeats the same last known address for Johnson previously provided by counsel. *Id.*

After reviewing the parties' arguments and the supporting exhibits, the court concludes that DLT-FBS's responses to the court's order of April 15, 2013, do not provide support for Oracle's motion. Waiting until the last possible day to serve deposition notices was not a violation of the court's order. Further, DLT-FBS provided a response to the court's April 15, 2013 order. The fact that Oracle challenges the veracity of DLT-FBS's response does not change that fact. The credibility of the response is not before the court, but rather is a matter for the ultimate finder of fact in this case.

Oracle contends that DLT-FBS violated the portion of the court's May 8, 2013 order requiring it "to produce all documentation it has in its possession regarding" Michael Johnson. DLT-FBS did not produce any documents, instead providing the explanation in the declaration of Ms. Osamba discussed above, that no such documents exist. Oracle claims that this explanation is unbelievable, arguing that if Johnson were a real person, documentation of his association with the company would exist. Oracle's Reply at 6-7, 9:22-28. It further argues that, "the Osamba declaration's assertion that there are no records at all of him ever working for DLT-FBS, while undoubtedly a true statement, confirms that DLT-FBS made him up." Oracle's Motion, 13:13-14.

DLT-FBS cannot produce what it does not have. Again, credibility determinations are be made by the ultimate finder of fact.

Under the heading "Violation of the amended scheduling order," Oracle states that it timely served a deposition notice for Donna Prosser, one of the former owners of the 13 Iroquois Avenue address which DLT-FBS claims was Michael Johnson's last known address. It served the notice on May 3, 2013, the last day for serving deposition notices for fact witnesses under the stipulated order amending the case scheduling order. (Docket no. 194.) DLT-FBS allegedly refused to make Ms. Prosser available for deposition. The stipulated order amending the case scheduling order did not extend the cut-off date for hearing discovery motions, which therefore remained May 1, 2013, under the original scheduling order. (Docket no. 59.) Oracle claims that it did not move to compel

because such a motion was precluded under the scheduling order and "because DLT-FBS's accumulated obstruction of justice warranted this motion instead." Oracle's Reply, 10:9-10.

The court finds that Oracle has not demonstrated that DLT-FBS violated any court order in connection with the deposition notice for Donna Prosser.

Finally, Oracle contends that DLT-FBS has routinely violated the Senior District Judge Armstrong's scheduling order. Oracle notes that Senior District Judge Armstrong court struck DLT-FBS's counterclaims because it filed them in violation of the scheduling order. (Docket no. 196.) Subsequently, Senior District Judge Armstrong declined to extend the discovery deadline to allow DLT-FBS to serve a further round of discovery requests, finding that DLT-FBS had not been diligent in its efforts to conduct discovery. (Docket no. 220.) The court finds that neither of these instances were egregious enough to warrant further sanctions beyond the striking of the counterclaims and refusal to extend the discovery deadline, which has already occurred.

## **CONCLUSION**

Oracle premised its motion on Rule 37(b)(2), which provides for sanctions for not obeying a discovery order. Based on the above, the court concludes that Oracle has not demonstrated violations of discovery orders of the undersigned other than the court's orders of November 28, 2012, and January 23, 2013, for which violations the court has already imposed monetary sanctions. The violations of the scheduling order were quickly remedied by Senior District Judge Armstrong, as stated. The court therefore finds no violations of discovery orders sufficient to justify imposition of the either of the alternative sanctions sought by Oracle pursuant to Rule 37.

The court notes that Oracle bases its contentions largely on its assertions that DLT-FBS's responses to discovery requests regarding Michael Johnson were untruthful. The court finds, however, that while Oracle has presented reasoned arguments regarding the lack of veracity of those responses, it has not actually made a showing that they are untruthful. The court does not rule out the possibility that Oracle may be able to make that showing at a later time.

Accordingly, the court HEREBY RECOMMENDS that Senior District Judge Armstrong deny Oracle's motion in its entirety without prejudice to the renewal of such motion should it become appropriate.

6

Any party may file objections to this Report and Recommendations with the district court within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed.R.Civ.P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the court's order.

Dated: August 12, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge