| | |
|---|---|
| BINGHAM MCCUTCHEN LLP<br>Geoffrey M. Howard (SBN 157468)<br>geoff.howard@bingham.com<br>Thomas S. Hixson (SBN 193033)<br>thomas.hixson@bingham.com<br>Kyle Zipes (SBN 251814)<br>kyle.zipes@bingham.com<br>Three Embarcadero Center<br>San Francisco, California 94111-4067<br>Telephone: 415.393.2000<br>Facsimile: 415.393.2286<br><br>ORACLE CORPORATION<br>Dorian Daley (SBN 129049)<br>dorian.daley@oracle.com<br>Deborah K. Miller (SBN 95527)<br>deborah.miller@oracle.com<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94065<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br><br>ORACLE CORPORATION<br>Jeffrey S. Ross (SBN 138172)<br>jeff.ross@oracle.com<br>10 Van de Graaff Drive<br>Burlington, MA 01803<br>Telephone: 781.744.0449<br>Facsimile: 781.238.6273<br><br>Attorneys for Plaintiff<br>ORACLE AMERICA, INC. | TURNER BOYD LLP<br>Karen I. Boyd (SBN 189808)<br>boyd@turnerboyd.com<br>Zhuanjia Gu (SBN 244863)<br>gu@turnerboyd.com<br>2570 W. El Camino Real, Suite 380<br>Mountain View, CA 94040<br>Telephone: 650.521.5930<br>Facsimile: 650.521.5931<br><br>CLOUDIGY LAW PLLC<br>Antigone G. Peyton<br>antigone.peyton@cloudigylaw.com<br>8300 Greensboro Drive, Suite 1250<br>McLean, VA 22102<br>Telephone: 703.436.2033<br>Facsimile: 703.436.2268<br><br>Attorneys for Defendant<br>DLT Federal Business System Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation;<br><br>        Plaintiff,<br>    v.<br><br>SERVICE KEY, LLC, a Georgia limited liability company; ANGELA VINES; DLT FEDERAL BUSINESS SYSTEMS CORPORATION, a Delaware corporation; and DOES 1–50,<br><br>        Defendants. | No. 4:12-cv-00790-SBA<br><br>[~~PROPOSED~~] STIPULATED JUDGMENT |

Case No. 4:12-cv-00790-SBA

STIPULATED JUDGMENT

A/75696983.2

Plaintiff Oracle America, Inc. ("Oracle" or "Plaintiff") and Defendant DLT-Federal Business Systems Corporation a/k/a FBSCGov ("DLT-FBS" or "Defendant") through their undersigned counsel, hereby stipulate and move this Court for entry of judgment as follows:

Accordingly, IT IS HEREBY ADJUDGED AND ORDERED that:

1. Oracle and DLT-FBS have entered into a Settlement Agreement to resolve Oracle's claims against DLT-FBS, and those parties have agreed on the terms of this Stipulated Judgment. This settlement does not resolve, affect, or modify Oracle's claims against Defendants Service Key LLC and Angela Vines, which were resolved in the Settlement Agreement and Proposed Stipulated Judgment agreed to by those parties. D.I. 225.

2. On Oracle's claims for copyright infringement (17 U.S.C. § 106), breach of contract, inducing breach of contract, intentional interference with prospective economic relations, unfair competition (Cal. Bus. & Prof. Code § 17200) and for an accounting, Oracle shall recover from DLT-FBS the following monetary and equitable injunctive relief:

   a. Oracle shall recover from DLT-FBS in the amount of three hundred ninety five thousand US dollars ($395,000 (US)).

   b. DLT-FBS, as well as its officers, employees, and all those acting under its control and/or for its benefit, are hereby permanently enjoined as follows:

      i. They shall search all computers and computer storage locations in their possession, or to which they have access, for Software and Support Materials (defined below), and destroy and thereafter cease to use, any and all such materials.

      ii. They shall allow Oracle, upon reasonable suspicion that DLT-FBS is providing support services on Oracle/Sun hardware, to perform an annual audit of their work relating to Oracle/Sun hardware for the next five (5) years. ("Reasonable suspicion" is met by any indication to Oracle that DLT-FBS is supporting, seeking or bidding to support one or more customers on Oracle/Sun hardware or otherwise involved in any manner in support for Oracle

products.)  They shall maintain complete and detailed records regarding their performance of any and all support services on Oracle/Sun hardware in their customer support record system, shall retain all emails sent to or from their support personnel concerning Oracle/Sun products, and shall disclose such records and emails in any audit conducted by Oracle to enable Oracle to determine whether DLT-FBS has complied with the terms of this Stipulated Judgment.

    iii. They shall not access or log into any password-protected portion of any Oracle website or any Oracle FTP site, whether on their own behalf or as an agent or a contractor for any third party.  Nor shall they engage, retain, contract for or otherwise utilize any third party to access or log into any password-protected portion of any Oracle website or any Oracle FTP site.

    iv. They shall not use any user credentials, IDs or passwords for any password-protected portion of any Oracle website, or give, receive, sell, or otherwise provide any such access credentials or IDs to any other party.  Nor shall they engage, retain, contract for or otherwise utilize any third party to use any user credentials, IDs or passwords for any password-protected portion of any Oracle website, or give, receive, sell, or otherwise provide any such access credentials or IDs to any other party.

    v. They shall not give, receive, sell or otherwise provide to anyone any Oracle/Sun software and/or support materials, including any updates, bug fixes, patches, media kits or other proprietary software support materials, and including any patches, bug fixes or updates to the Solaris Operating System or for firmware on Oracle/Sun hardware (collectively "Software and Support

| | | |
|---|---|---|
| 1 | | Materials"). Nor shall they engage, retain, contract for or |
| 2 | | otherwise utilize any third party to give, receive, sell or otherwise |
| 3 | | provide to anyone any Software and Support Materials. |
| 4 | vi. | They shall not make any representations to any third party that |
| 5 | | says or implies that (i) they have access to or can access or obtain |
| 6 | | Software and Support Materials, (ii) they can or do provide Oracle- |
| 7 | | branded support, including but not limited to any representation |
| 8 | | that they provide "Oracle Premier Support" or (iii) they are |
| 9 | | authorized by Oracle, either directly or indirectly, to resell Oracle |
| 10 | | support and/or deliver Software and Support Materials in any |
| 11 | | manner whatsoever. |
| 12 | vii. | They shall give a copy of this Stipulated Judgment and written |
| 13 | | instructions to their officers, employees and agents that they must |
| 14 | | comply with the restrictions regarding the Software and Support |
| 15 | | Materials set forth in this Stipulated Judgment, on pain of |
| 16 | | disciplinary action, up to and including termination, and they shall |
| 17 | | take appropriate disciplinary action against known violators. |
| 18 | viii. | They shall give a copy of the written statement attached as Exhibit |
| 19 | | A to all current customers that have engaged DLT-FBS to provide |
| 20 | | support services on any Oracle/Sun hardware, and shall also |
| 21 | | provide the written statement attached as Exhibit A along with any |
| 22 | | request, solicitation, advertisement or proposal for any professional |
| 23 | | services, or any other comparable document that DLT-FBS |
| 24 | | provides at the outset of an actual or prospective engagement, to |
| 25 | | any current or prospective clients or customers that have engaged |
| 26 | | or are considering engaging DLT-FBS to provide future support |
| 27 | | services on any Oracle/Sun hardware. |
| 28 | 4. | On Oracle's claim for unjust enrichment against DLT-FBS, Oracle shall |

recover nothing by way of this judgment.

5. Oracle's claims for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(6)(A), violation of the Lanham Act (15 U.S.C. § 1125(a)(1)(B), and for fraudulent inducement have been resolved by the Parties pursuant to a confidential settlement agreement, and Oracle shall recover nothing further on those claims by way of this judgment.

6. As to Oracle's claims for interference with prospective economic advantage and unfair competition, DLT-FBS does not stipulate to each allegation that underlies those claims in Oracle's Second Amended Complaint, although it stipulates to judgment on the claims themselves (on the basis of breach of contract, only, and not on the basis of alleged fraud).

7. On DLT-FBS's counterclaims for tying in violation of the Sherman Act, Lanham Act false advertising, defamation and trade libel, tortious interference with contracts and customer relationships and unfair competition, DLT-FBS shall recover nothing.

8. Neither Oracle nor DLT-FBS shall recover costs or attorneys' fees from each other. As between Oracle, on the one hand, and DLT-FBS, on the other, each shall bear its own costs and attorneys' fees, except as specified in paragraph 10 below.

9. Oracle and DLT-FBS waive any rights to appeal this Stipulated Judgment.

10. The Court retains jurisdiction over any action to enforce this Stipulated Judgment. In any such action, the prevailing party shall be entitled to reasonable attorneys' fees and costs. Oracle and DLT-FBS request that in in any future action to enforce or resolve any disputes relating to this Stipulated Judgment, the Court refer the matter to Magistrate Judge Cousins for all purposes provided he is available.

11. This judgment, in conjunction with the Settlement Agreement and Proposed Stipulated Judgment entered into by Oracle and Service Key LLC and Angela Vines, (D.I. 225) adjudicates all claims at issue in this litigation, and is a final judgment.

| | |
|---|---|
| 1 | DATED: August 30, 2013 |
| 2 | |
| 3 | Bingham McCutchen LLP |
| 4 | By:    /s/ Geoffrey M. Howard |
| 5 | Geoffrey M. Howard<br>Attorneys for Plaintiff<br>Oracle America, Inc. |
| 6 | |
| 7 | DATED: August 30, 2013 |
| 8 | |
| 9 | Cloudigy Law PLLC |
| 10 | |
| 11 | By:    /s/ Antigone G. Peyton |
| 12 | Antigone G. Peyton<br>Attorneys for Defendant DLT-Federal Business Systems Corporation |
| 13 | |
| 14 | |
| 15 | DATED: October 11, 2013 |
| 16 | |
| 17 | Hon. Saundra B. Armstrong<br>United States District Judge |

## ATTESTATION

I, Geoffrey M. Howard, am counsel for Oracle America, Inc. I am the registered ECF user whose username and password are being used to file this [Proposed] Stipulated Judgment. In compliance with LR 5-1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated: August 30, 2013

Bingham McCutchen LLP

By: /s/ Geoffrey M. Howard
Geoffrey M. Howard
Attorneys for Plaintiff Oracle America, Inc.

# Exhibit A

"FBSCGov CORPORATION (ALSO KNOWN AS FEDERAL BUSINESS SYSTEMS OR DLT-FEDERAL BUSINESS SYSTEMS CORPORATION ) DOES NOT SELL OR RESELL ORACLE SUPPORT AGREEMENTS. FBSCGov IS NOT AN ORACLE PARTNER AND IS NOT AUTHORIZED TO RESELL OR PROVIDE IN ANY MANNER ORACLE PRODUCTS OR SERVICES. PRICING PROVIDED IS FOR THIRD PARTY SUPPORT WITH NO AFFILIATION WITH ORACLE. FBSCGov CORPORATION PROVIDES NO SOFTWARE, BUG FIXES, PATCHES, UPDATES, UPGRADES, LICENSING FOR ANY SUCH SOFTWARE OR OTHER PRODUCT, OR ANY ORACLE SUPPORT MATERIALS. FBSCGov CORPORATION IS NOT AUTHORIZED TO PRODUCE ANY SUCH ORACLE SOFTWARE, LICENSING, OR SUPPORT MATERIALS. ANY SOFTWARE, LICENSING OR SUPPORT MATERIALS DEVELOPED AND DISTRIBUTED BY ORACLE AND AUTHORIZED FOR USE ON ORACLE'S PRODUCTS MUST BE OBTAINED FROM ORACLE OR AN AUTHORIZED ORACLE RESELLER."